E-FILED
Monday, 17 August, 2009   06:13:30 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### ROCK ISLAND DIVISION

| | |
|---|---|
| ASCENCION URIOSTEGUI, | ) |
| Petitioner, | ) |
| v. | ) Case No. 08-cv-4052 |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## O P I N I O N  &  O R D E R

Before the Court is a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Ascencion Uriostegui on September 22, 2008 (Doc. 1). The Government moved to dismiss Uriostegui's Motion to Vacate on January 29, 2009. For the reasons that follow, the Motion to Vacate is DISMISSED.

### BACKGROUND

On December 1, 2006, Petitioner Uriostegui entered into a written plea agreement in which he agreed to plead guilty to Conspiracy to Distribute and Possess with Intent to Distribute Heroin and Cocaine, in violation of 21 U.S.C. § 846. (12/1/2006 Cooperation Plea Agreement And Stipulation of Facts, "Plea Agreement," Doc. 17 in Case No. 06-cr-40054-1). The Plea Agreement included provisions under which Uriostegui agreed to waive his right to appeal or collaterally attack his conviction or sentence. (Plea Agreement ¶¶ 10-11).

On the same day, Uriostegui entered his guilty plea at a change-of-plea hearing held in this Court. At the plea hearing, the Court engaged in a colloquy with Uriostegui to ensure his competence to plead guilty and to ensure the knowing and voluntary nature of the plea. During the colloquy, the Court explained to Uriostegui that, pursuant to his Plea Agreement, he was agreeing to waive his right to appeal or collaterally attack his conviction or sentence. Uriostegui testified that he understood these waivers and agreed to them as part of the plea deal. (Change-of-Plea Hearing Transcript, "Plea Hearing Tr.," at pp. 13, 27, Doc. 47 in Case No. 06-cr-40054-1). Uriostegui testified that he read the Plea Agreement, discussed it with his attorney, and understood its terms. (Plea Hearing Tr. at pp. 19-20). The Court advised Uriostegui that even though he was agreeing to plead guilty, the Plea Agreement did not specify or guarantee what his sentence would be; Uriostegui acknowledged that he understood and indicated no reservations. (Plea Hearing Tr. at pp. 8-13, 15-16, 19-20). As a result of the change-of-plea colloquy, the Court determined that Uriostegui was knowingly and voluntarily pleading guilty to the charged offense, pursuant to the Plea Agreement, and that he was fully competent to make that decision. (Plea Hearing Tr. at pp. 27-28). On September 18, 2007, the Court sentenced Uriostegui to 240-month term of imprisonment followed by an eight-year term of supervised release (plus a $100 special assessment). (9/18/2007 Minute Entry in Case No. 06-cr-40054-1). The corresponding judgment was filed on September 24, 2007.

Despite the waiver-of-right-to-appeal provision in his Plea Agreement, on October 16, 2007, Uriostegui filed a notice of appeal challenging the sentence imposed by the Court. On February 7, 2008, the United States Court of Appeals for the Seventh Circuit dismissed his appeal as untimely. (Doc. 45 in Case No. 06-cr-40054-1). Then, on September 22, 2008, despite the collateral-attack waiver provision in his Plea Agreement, Uriostegui filed the instant Motion to Vacate under 28 U.S.C. § 2255.[1]

## DISCUSSION

Title 28 U.S.C. § 2255 authorizes a federal prisoner to challenge his sentence:

> upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255(a). Relief under § 2255 is "an extraordinary remedy to one who already has had an opportunity for full process." Kafo v. United States, 467 F.3d 1063, 1068 (7th Cir. 2006).

In this action under § 2255, Petitioner faces the high hurdle of a § 2255-waiver provision to which he consented in his Plea Agreement. The provision reads as follows:

---

[1] Uriostegui has attached to his Motion to Vacate a declaration stating that on September 15, 2008, he deposited the Motion in the internal mailing system of the prison where he is incarcerated. He further stated that correct postage was affixed to the mailing. Although this declaration may be enough to give him the benefit of a September 15, 2008 filing date pursuant to the "prison mailbox rule," (See Rule 3(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts) it makes no difference as to the Court's ultimate disposition of the Motion to Vacate.

3

<u>Waiver of Right to Collateral Attack</u>
11. The defendant also understands that he has a right to attack the conviction and/or sentence imposed collaterally on the grounds that it was imposed in violation of the Constitution or laws of the United States; that he received ineffective assistance from his attorney; that the Court was without proper jurisdiction; or that the conviction and/or sentence were otherwise subject to collateral attack. The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and the defendant's attorney have reviewed Section 2255, and the defendant understands his rights under the statute. Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and voluntarily waives his right to collaterally attack the conviction and/or sentence. The defendant's attorney has fully discussed and explained the defendant's right to attack the conviction and/or sentence collaterally with the defendant. The defendant specifically acknowledges that the decision to waive the right to challenge any later claim of the ineffectiveness of the defendant's counsel was made by the defendant alone notwithstanding any advice the defendant may or may not have received from the defendant's attorney regarding this right. Regardless of any advice the defendant's attorney may have given the defendant, in exchange for the concessions made by the United States in this plea agreement, the defendant hereby knowingly and voluntarily waives his right to collaterally attack the conviction and/or sentence. The rights waived by the defendant include his right to challenge the amount of any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255.

A provision incorporated into a plea agreement under which a criminal defendant waives his right to file a § 2255 motion is generally enforceable. <u>Mason v. United States</u>, 211 F.3d 1065, 1069 (7th Cir. 2000). The waiver is unenforceable only if: (1) it was not made knowingly and voluntarily or (2) the § 2255 petitioner can establish ineffective assistance of counsel as to negotiation of the waiver provision. <u>Id.</u> As is explained below, neither of these conditions is satisfied in the case at bar.

4

In his Motion to Vacate, Uriostegui asserts, "Conviction obtained by plea of guilty which was unlawfully induced and without understanding of the nature of the charge and the consequences of the plea." (Pet. Mot. at p. 4). Liberally construed, Uriostegui's statement purports to suggest that he was either coerced into signing the Plea Agreement or he signed it without understanding its terms. But the transcript of the December 1, 2006 change-of-plea-hearing belies any such suggestion. After the Court apprised Uriostegui at the plea hearing as to the consequences that would follow if he pleaded guilty, the following dialogue took place:

> Q [by the Court]. Knowing all of these things is it still your desire to plead guilty pursuant to the plea agreement?
> A [by Uriostegui]. Yes, sir.
> Q. Now have you read this plea agreement, sir?
> A. Yes.
> Q. And have you discussed it with your lawyer?
> A. Yes.
> Q. I note that it purports to bear your signature under today's date?
> A. Yes, sir.
> Q. Did you sign this agreement today?
> A. Yes, sir.
> Q. Are you satisfied with this agreement as to what it says?
> MR. TASEFF (Uriostegui's attorney): Satisfied to the extent this is the result of our extensive negotiation.
> BY THE COURT:
> Q. That's what I mean. In other words, you understand what it says here?
> A. Yes, sir.
> Q. And it says that you have agreed with the Government to this. Is what you have agreed to?
> A. Yes, sir.

(Plea Hearing Tr. at pp. 19-20). During the hearing, the Court also specifically pointed out to Uriostegui that by agreeing to the Plea Agreement, he was waiving his right to appeal and to collaterally attack his conviction and sentence. Uriostegui

5

unequivocally indicated that he understood.  (Plea Hearing Tr. at pp. 13, 27). Uriostegui's statements during the plea hearing -- when considered in combination with his signing of the Plea Agreement -- give rise to a strong presumption that he knowingly and voluntarily waived his right to collaterally attack his conviction or sentence in a § 2255 proceeding.  See United States v. Pike, 211 F.3d 385, 389 (7th Cir. 2000) (citing United States v. Ellison, 835 F.2d 687, 693 (7th Cir. 1987)). Uriostegui offers nothing to rebut the presumption.  Therefore, the Court finds that Uriostegui knowingly and voluntarily waived his right to challenge his conviction or sentence through § 2255.

The only remaining question is whether Uriostegui can establish that his attorney was constitutionally ineffective under the Sixth Amendment with respect to negotiation of the § 2255-waiver provision.  See Mason, 211 F.3d at 1069. Uriostegui does allege ineffective assistance of counsel in his Motion to Vacate; however, that claim is in reference to the untimely filing of a notice of appeal. Nowhere in his Motion to Vacate does Uriostegui allege a factual basis adequate to establish the constitutional ineffectiveness of his defense attorney in connection with negotiation of the plea agreement.

Therefore, the provision in Uriostegui's Plea Agreement waiving his right to file a motion under § 2255 is enforceable.  The provision bars further consideration of Uriostegui's Motion to Vacate.

## CONCLUSION

For the reasons stated above, the Government's Motion to Dismiss (Doc. 8) is GRANTED.  Uriostegui's Motion to Vacate (Doc. 1) is DISMISSED.

CASE TERMINATED.

ENTERED this <u>17th</u> day of August, 2009.

                                                     s/ Joe B. McDade
                                                     JOE BILLY McDADE
                                            United States District Judge