**E-FILED**
Thursday, 10 December, 2009  08:17:49 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### ROCK ISLAND DIVISION

| | | |
|---|---|---|
| ASCENCION URIOSTEGUI, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | Case No.  08-cv-4052 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## O P I N I O N  &  O R D E R

This matter is before the Court on Petitioner's Notice of Appeal.  (Doc. 11). The Court construes the Notice of Appeal as a request for a Certificate of Appealability.  See FED. R. APP. PROC. 22(b)(1).  For the reasons stated below, the request for a Certificate of Appealability is denied.

A Certificate of Appealability may only be issued where the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  A petitioner need not show that the appeal will succeed, Miller-El v. Cockrell, 537 U.S. 322, 337 (2003), but a petitioner must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part.  Id. at 338 (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).  If the

district court denies the request, a petitioner may request that a circuit judge issue the Certificate.  FED. R. APP. PROC. 22(b)(1)(3).

This Court dismissed Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, because Petitioner had waived his right to collaterally attack his sentence in the plea agreement he entered into with the government.  (Doc. 9).  The Court noted that waiver of the right of collateral attack in a plea agreement is generally enforceable, unless it was not made knowingly and voluntarily, or the § 2255 petitioner can establish ineffective assistance of counsel as to negotiation of the waiver.  (Doc. 9) (citing Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000)).  The Court found that Petitioner had knowingly and voluntarily waived his right to challenge his conviction, and that Petitioner had failed to allege a factual basis for finding that his counsel was ineffective when negotiating the waiver provision.  (Doc. 9 at 5-6).

In his Notice of Appeal, construed as a request for a Certificate of Appealability, Petitioner has made no showing that the Court's decision was debatable or incorrect.  Moreover, the Court has reviewed its Opinion & Order dismissing Petitioner's § 2255 Motion, and finds no basis for a determination that the decision was debatable or incorrect.  Therefore, Petitioner's request for a Certificate of Appealability (Doc. 11) is DENIED.

Entered this 8th day of December, 2009.

s/ Joe B. McDade

JOE BILLY McDADE
United States District Judge